———o-o-o———

## SCRIBNER and others *vs.* QUALTROUGH.

Proceedings instituted in the court of chancery prior to 1846, for the appointment of a committee of the person and estate of an habitual drunkard, and pending at the time the constitution of 1846 went into effect, by force of that constitution became vested in the supreme court, and not in the county court.

Accordingly *held* that where, upon proceedings thus instituted, the county court, in the year 1852, made an order removing from his office the committee who had been appointed by the court of chancery, and appointing another person as such committee, and directing a sale of a portion of the drunkard's real estate by him, and all subsequent proceedings, including a deed from the new committee to the purchaser, were void.

ACTION to recover the possession of real estate. The plaintiffs claimed title to the premises in question as heirs at law of Nathan Scribner, deceased. The action was tried at the Monroe circuit, before the court without a jury. It was admitted that Nathan Scribner became the owner of the premises, by a deed from Charles Close to him, dated October 1, 1842 ; and that the plaintiffs are his heirs at law. It was further admitted that on the 19th of October, 1841, by a decree of the court of chancery, Scribner was adjudged to be an habitual drunkard ; that Samuel Miller was appointed committee of his person and estate ; that by an order of the supreme court, made on the 16th of July 1849, the

said Miller was authorized and directed to sell and convey the premises in question; that the object of the sale was to obtain means to erect a house on other lands of Scribner for a dwelling for himself and his family, the committee having no other means. The order of sale stated the object of the sale to be to make improvements on the other real estate of Scribner; and authorized Miller, as such committee, to make the sale upon the payment in hand of a part of the purchase money, and the execution to him of a bond and mortgage for the balance, and directed him to use the moneys received on the sale, for the purpose of making such improvements. That in pursuance of said order Miller did sell and convey the premises in question to Philo Carpenter, upon certain terms and conditions. That he made a report of such sale, which was confirmed by the court, and the court directed Miller to execute a deed of the premises to Carpenter, on his complying with the terms of the sale. That Carpenter thereupon went into possession, and complied with the terms of the sale, but before Miller had executed a deed he was, by a decree of the county court of Monroe county, made in 1852, removed from his trust, and William Wood was appointed committee, in his place, who executed a deed to Carpenter's wife, professedly in pursuance of said order confirming the sale. Nathan Scribner died in 1853.

The above facts were found by the judge; and as conclusions of law he found that the proceedings in the county court of Monroe county were void; that the conveyance executed by the committee appointed by that court passed no title; and that the plaintiffs were the owners of the premises described in the complaint, in fee, and were entitled to recover the possession thereof, and also the sum of $125 agreed upon by the parties as damages for the use of the premises while the defendant unlawfully withheld the possession. The defendant excepted to the conclusions of law, and appealed from the judgment.

Scribner *v.* Qualtrough.

*T. R. Strong,* for the appellant.

*J. C. Cochrane,* for the respondents.

*By the Court,* WELLES, J.   The order of the county court of Monroe county, removing Miller from his position or office of committee of the person and estate of Nathan Scribner, the father of the plaintiffs, and appointing Wood as such committee, together with all subsequent proceedings founded thereon, including the deed of the premises from Wood to Hannah Carpenter, were void.   The proceedings under which Miller was appointed the committee were in the court of chancery, and by force of the constitution of 1846 became vested in the supreme court, and not in the county court.   (*Const. of* 1846, *title* 14, § 5.)   It is contended, however, that the case shows an equitable title to the premises in question in the defendant, by virtue of which he is entitled to hold the possession, notwithstanding the bare legal title of the plaintiffs.

The whole case stands upon the pleadings and the admissions made upon the trial, which show, among other things, that the defendant at the time of the trial had occupied the premises for five years.   But they do not show that he derived his title from Carpenter.   They do not show that Wood, acting as committee under the appointment by the county court, conveyed the premises in question to the wife of Carpenter upon the request of her husband, the said Carpenter. For aught that appears, the defendant holds the possession of the premises by some title or claim hostile to that of Carpenter, the purchaser from Miller, the committee.   It is averred in the answer that the defendant occupies and holds the land in question under successive conveyances from Charles Close, who, the case shows, was at one time the owner of them ; but this averment is entirely unproved. If Carpenter had remained in possession, and this action had been against him, or if the defendant had deduced his title from Carpenter, I should be prepared to hold, in either case,

that the plaintiff could not recover.   That an equitable title had been established, which would protect either in the possession.   Miller, the committee, was authorized to sell by order of the supreme court.   He entered into a contract of sale with Carpenter.   He reported the sale to the same court, which confirmed the sale, and directed him to convey to Carpenter, upon the latter fulfilling the conditions of the sale, and Carpenter did fulfill and perform such conditions. He was then entitled to a deed of conveyance, which constituted a perfect equitable title.

The foregoing views cover all the material questions presented for our consideration, and lead to the affirmance of the judgment.

Judgment affirmed.

[MONROE GENERAL TERM, March 6, 1865.   *James C. Smith, Welles* and *E. Darwin Smith,* Justices.]